NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

March 8, 2022

Michael N. Pedicini, Esq.
560 Main Street
Chatham, N.J. 07928
*Counsel for Defendant*

Megan Nicole Linares, Esq.
United States Attorney's Office
970 Broad Street, Suite 700
Newark, N.J. 07102
*Counsel for United States of America*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

    **Re:**    *United States v. Shadee Holley*
            **Crim. No. 21-00791 (SDW)**

Counsel:

    Before this Court is Defendant Shadee Holley's appeal of the Magistrate Judge's denial of his motion for release, (D.E. 21), pursuant to the Bail Reform Act, Title 18 of the United States Code, Section 3145(b). (D.E. 45). This Court having considered the parties' submissions, and for the reasons discussed below, affirms the findings of Magistrate Judge Espinosa.

### DISCUSSION

A.

    A brief overview of facts undergirding the criminal complaint in this matter contextualizes this discussion. According to the Complaint, between March 2021 and July 2021 a confidential source ("CS") working with law enforcement conducted approximately eight controlled purchases of narcotics, which included approximately forty grams of fentanyl and approximately twenty-eight grams of crack-cocaine, from Defendant and other individuals after the co-defendant arranged the purchases. (D.E. 1, Compl. Attach. B at ¶¶ 3–4.) During an investigation of the narcotics purchases, law enforcement searched houses and vehicles associated with Defendant and his co-defendant and recovered cash, narcotics packaging and paraphernalia, a kilogram press, suspected narcotics, and a loaded handgun. (*Id.* at ¶¶ 5–8.)

In July 2021, Defendant was arrested for and charged with conspiracy to distribute narcotics, in violation of Title 21 of the United States Code, Section 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18 of the United States Code, Section 924 (c)(1)(A)(i). (D.E. 1.)  Co-defendant, Ronnie Holley, was also arrested and charged with the same two counts, plus an additional count for possession of a firearm by a convicted felon. (*Id.*) Defendant appeared before the Honorable Jessica S. Allen, U.S.M.J., and initially consented to detention, but reserved argument regarding a bail package for a later date. (*See* D.E. 13.) On July 27, 2021, Defendant requested release from custody, with the condition of location monitoring. (D.E. 18.) The Government opposed Defendant's release. (D.E. 19.) On July 30, 2021, Defendant appeared before the Honorable Andre M. Espinosa, U.S.M.J., who found detention warranted because Defendant failed to rebut the presumption of detention, no condition or combination of conditions of pretrial release could reasonably ensure the safety of the community, and Defendant's prior criminal history factored against release. (D.E. 21.)

On October 7, 2021, a federal grand jury indicted Defendant on the conspiracy charge, and indicted his co-defendant on all three counts. (D.E. 27.) On December 9, 2021, Defendant moved for reconsideration of the detention order and the Government again opposed release. (*See* D.E. 32, 33.) At a hearing Judge Espinosa held the next day, Defendant argued that he should be released from custody with conditions because he was only indicted on one conspiracy count and was not indicted for the firearms offense; the evidence points more directly to his co-defendant; his co-defendant faces more serious charges but is out on bail with conditions; and he has a third-party custodian, a place to live, and a job. (*See* D.E. 45-1, Exhibit A (Transcript of December 10, 2021 Bail Hearing ("Tr.") 6:5–13:7).)  The Government counterargued that the facts had not changed since the prior hearing and pointed out that Defendant has a significant criminal history that includes charges for violent acts, resisting arrest, burglary, robbery, weapons offenses, aggravated assault, and narcotics-related offenses, as well as several prior criminal convictions; Defendant has been indicted for a significant drug conspiracy crime and faces a substantial prison sentence; and Defendant still did not rebut the presumption of detention. (Tr. 13:16–16:25.) The Government noted that "less than a year before [Defendant] was arrested for this present offense, he [violated] parole by escaping . . . ." (Tr. 16:7–8.)

Judge Espinosa considered the parties arguments and found that Defendant failed to rebut the presumption of detention and, although Defendant was not indicted on the firearms charge, the fundamental state of the case was not substantially different than it had been at the prior detention hearing. (Tr.19:7–20:14.)  Judge Espinosa noted that even if Defendant had overcome the presumption, he still has a "tremendous and serious criminal history" that includes crimes of violence and other serious offenses, which presents "clear and convincing evidence of his danger to community," and he has an "extraordinarily troubling escape charge as recently as a year ago," which, by a preponderance, presents "sufficient risk of flight that warrants his continued detention." (Tr. 21:15–21:12.)

Defendant now appeals Judge Espinosa's denial of Defendant's Motion for Release on Bail and Order of Detention issued on December 10, 2021. (*See* D.E. 45.)

B.

Under the Bail Reform Act ("the Act"), "[i]f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). A district court reviews the magistrate judge's detention order de novo. *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985); *United States v. Accetturo*, 623 F. Supp. 746, 753 (D.N.J. Oct. 18, 1985). Provided "the record is fully developed below, and the parties have not proffered any additional evidence [that] would materially alter the decision of the Magistrate Judge, . . . , the Court will rule on the record established before the Magistrate Judge." *United States v. Bastianelli*, No. 17-305, 2018 WL 1015269, at *4 (W.D. Pa. Feb. 22, 2018).

When considering bail, a "[c]ourt[] must strive to impose the least restrictive bail conditions necessary to assure the appearance of [a] defendant at trial and the safety of the public in the interim between arrest and trial." *United States v. Lopez*, 827 F. Supp. 1107, 1108 (D.N.J. 1993). A court will order the pretrial release of a defendant unless determining "that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 1342(b). If a court determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[,]" the court "shall order the detention of a person" pending trial. 18 U.S.C. § 3142(e).

To determine whether detention is warranted, a court considers evidence presented by the parties in light of the four factors of Section 3142(g): (1) "the nature and circumstances of the offense charged, including whether the offense is a crime of violence"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person, including" his "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings[,]" and whether he was on bond, probation, or parole at the time of the charged offense; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Typically, the burden is on the Government "to demonstrate by clear and convincing evidence that [the] [d]efendant is a danger to the community and/or by a preponderance of the evidence that [the] [d]efendant is a flight risk." *United States v. Oliver*, No. 16-40, 2016 WL 1746853, at *5 (W.D. Pa. May 3, 2016) (citing *United States v. Perry*, 788 F.2d 100, 115 (3d Cir. 1986)); *see United States v. McIntyre*, No. 16–13, 2018 WL 385034, at *3 (D.N.J. Jan. 10, 2018). However, when a defendant is charged with "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act" (the "CSA"), the CSA provides a rebuttable presumption in favor of detention, thus shifting a burden of production to the defendant. 18 U.S.C. § 3142(e)(3)(A); *see United States v. Carbone*, 793 F.2d. 559, 560 (3d Cir. 1986) (citing *United States v. Jessup*, 757 F.2d 378 (1st Cir.1985)) ("The defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community."). In that instance, the defendant must present evidence "relating to character, family ties, employment, and length of residence in the

community to rebut the presumption that he poses a danger to the community." *Carbone*, 793 F.2d at 561. If the defendant meets this burden of production, the burden shifts back to the Government to prove a risk of flight by a preponderance of the evidence, *United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986), and dangerousness to the community by clear and convincing evidence, 18 U.S.C. § 3142(f).

C.

This Court finds that Defendant has not overcome the presumption of detention. In this case, as Defendant concedes, there is a statutory presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant and the safety of the community. Pursuant to Title 18 of the United States Code, Section 3142(e)(3)(A), the presumption in favor of detention applies because a Grand Jury has found probable cause to believe that Defendant committed an offense prescribed in the CSA, for which the maximum term of imprisonment is ten years or more. *See United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986) (An "indictment is sufficient to support a finding of probable cause triggering the rebuttable presumption of dangerousness under § 3142(e).").

To rebut the presumption of detention, Defendant is required to produce evidence that his character, family ties, employment, and length of residence in the community reflect that he will appear and will not pose a threat to the community. Defendant has presented minimal evidence relating to his family ties, length of residence in the community, and employment. Defendant's girlfriend of five years is willing to serve as a third-party custodian and co-sign a personal recognizance bond on his behalf, which does factor in favor of rebutting the presumption of detention. (*See* D.E. 45-1 at 3–5.) Defendant lived in Newark with his girlfriend prior to his arrest and lived in Newark with his mother prior to living with his girlfriend, which typically would factor in favor of rebutting the presumption of detention. (*See id.* at 3.) However, Defendant's tenure at those residences was significantly interrupted by terms of imprisonment relating to various, previous convictions, thus that evidence does not significantly rebut the presumption of detention. (*See* D.E. 46 at 6.) While Defendant points out that he had a job prior to his arrest, which apparently awaits his return should he be released from detention, the Pretrial Services Report ("PSR") indicates that Defendant obtained that employment in June of 2021, about a month prior to his arrest. Thus, the Court ascribes minimal weight to that factor, and it does not serve to rebut the presumption of detention. Importantly, Defendant has offered no evidence in support of his character, and no evidence that he will appear and not pose a threat to the community. This Court confirms that Judge Espinosa correctly determined that Defendant has not put forth sufficient evidence to overcome the presumption of detention.

While Defendant's failure to rebut the presumption of detention fulfills the required analysis, for the sake of thoroughness, this Court finds that even if he had successfully rebutted the presumption of detention, an analysis of the Section 3142(g) factors would also support his continued detention, as Judge Espinosa noted. (*See* Tr. 21:7–12.) To begin with, the nature and circumstances of the offense with which Defendant is charged are serious, particularly considering the allegation involves conspiracy to distribute fentanyl—a drug the Centers for Disease Control ("CDC") confirms "is 50 to 100 times more potent than morphine," and for which the "CDC issued a Health Alert Network Advisory to medical and public health

4

professionals, first responders, harm reduction organizations, and other community partners" warning of the dangers posed by the drug.[1] Defendant argues that "there are no charges involving violence," he was not indicted on the weapon possession count, and the Government has insufficient evidence against Defendant and the evidence the Government has points to criminal activities conducted by his co-defendant. (D.E. 45-1 at 3.) Defendant makes a valid point in that the charge he faces is not a crime of violence. His additional arguments, however, are unpersuasive. The Government has put forth purported evidence of Defendant's direct involvement in the conspiracy—including an audio recording of Defendant allegedly selling narcotics to a confidential informant, photographs of narcotics allegedly sold during the transaction, and lab reports concerning the narcotics allegedly sold. (*See* D.E. 46 at 5; D.E. 45-1 at 3.) Defendant seeks to impugn the integrity and import of the evidence, but those arguments should be reserved for trial. Here, the purported evidence adequately demonstrates that the nature and circumstances of the offense charged are serious, especially considering Defendant may face a substantial prison term if convicted.

Importantly, Defendant's argument that the evidence suggests his co-defendant committed criminal acts does not mitigate Defendant's potential liability as a co-conspirator or reduce the seriousness of the charge he faces. The nature of the charge itself diminishes Defendant's argument because a co-conspirator may be equally liable for any criminal activity committed within a conspiracy. *See* 21 U.S.C. § 846 ("Any person who attempts or conspires to commit any offense defined in this title shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."); *see also Pinkerton v. United States*, 328 U.S. 640, 647 (1946) (noting that in the context of a conspiracy, an overt "act of one partner in crime is attributable to all"). Defendant's argument that the evidence points to criminal activities conducted by his alleged co-conspirator does not alleviate Defendant's potential culpability and does not favor Defendant's release.

Next, Defendant repeats similar arguments and alleges that the weight of evidence the Government has presented is insufficient to demonstrate that he is involved in a "widespread conspiracy," the fact that the Government did not pursue the weapon charge against him reduces the seriousness of the conspiracy charge, and the evidence points to his co-defendant committing criminal activities. (*See* D.E. 45-1 at 4.) Again, Defendant's arguments are unpersuasive. The Government need not prove that Defendant is involved in a *widespread* conspiracy to establish criminal liability; rather, the Government must prove that Defendant conspired with his co-defendant to distribute narcotics. Again, Defendant's suggestion that his co-defendant committed crimes does not alleviate Defendant's potential criminal liability. And the fact that the Government opted not to pursue all potential charges is not dispositive of whether bail is required. This Court finds that the weight of the evidence—in particular the audio recording, photographs, and lab reports the Government has provided through discovery—does not favor Defendant's release.

Moreover, Defendant's criminal record must be considered when analyzing his history and characteristics. According to the PSR, Defendant has faced various, serious charges, including resisting arrest, burglary, robbery, weapons offenses, aggravated assault, and narcotics-

---

[1] *Fentanyl*, Centers for Disease Control and Prevention (Feb. 16, 2021), https://www.cdc.gov/opioids/basics/fentanyl.html

related offenses, and has had multiple convictions—for which he served multiple prison sentences. As the Government notes, "[D]efendant has spent much of his adult life in prison" for various, serious crimes. (D.E. 46 at 6.) According to the PSR, Defendant's most recent conviction occurred in June of 2018 and involved a weapon-possession count for which Defendant received a lengthy sentence. Defendant argues that his "prior convictions are old and should not be given much weight." (D.E. 49 at 2.) Yet, per the PSR, he had multiple convictions in 2016, including another conviction and prison sentence for weapon possession. Defendant's argument is unpersuasive, and his history and characteristics present clear and convincing evidence that he is a danger to the community.

Another consideration is the possibility that Defendant will flee. The Government points out that the PSR shows that Defendant violated parole by escaping prison on November 26, 2020. (*See* D.E. 45-1 at 4; D.E. 46 at 6.) Defendant claims he did not escape, yet puts forth no evidence to rebut the information, and further argues that he "is not required to prove a negative." (D.E. 49 at 1.) This Court relies on the neutral information provided in the PSR, which indicates that while on parole Defendant escaped. As of November 26, 2020, Defendant's parole was discharged, and he was returned to state prison. Even if the Court discounts that fact, the seriousness of the conspiracy charge and the substantial prison sentence Defendant may face if convicted constitute a preponderance of evidence that there is a risk of flight. Because this Court has found that Defendant failed to rebut the presumption of detention, however, the issue of whether the escape occurred is largely beside the point.

Finally, Defendant argues that this Court should release him because his co-defendant faces additional charges but was released on bail. (*See* D.E. 45-1 at 2, n.1.) That fact is not dispositive. When determining bail, a court considers the history and characteristics of a particular defendant and does not factor in the history and characteristics of co-defendants. *Cf.* 18 U.S.C. § 3142(g). Here, Defendant has not presented any controlling law or analytical framework requiring this Court to adopt a co-defendant's bail determination.

In sum, this Court finds that Defendant failed to overcome the presumption of detention, and holds that detention is warranted. Furthermore, as Judge Espinosa correctly determined, even if Defendant had overcome the presumption of detention, there is clear and convincing evidence that he presents a danger to the community, and there is a preponderance of evidence that he presents a flight risk, both of which would also warrant his continued detention.

**CONCLUSION**

For the foregoing reasons, the denial of bail by Judge Espinosa is affirmed. Defendant's appeal is dismissed. An appropriate order follows.

                                        ___/s/ Susan D. Wigenton_____
                                        **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties